1  Mona Amini, Esq.
   Nevada Bar No. 15381
2  Gustavo Ponce, Esq.
   Nevada Bar No. 15084
3  **KAZEROUNI LAW GROUP, APC**
   6940 S. Cimarron Road, Suite 210
4  Las Vegas, Nevada 89113
   Telephone: (800) 400-6808
5  Facsimile:  (800) 520-5523
   mona@kazlg.com
6  gustavo@kazlg.com

7  *Attorneys for Plaintiff*

8

9                **UNITED STATES DISTRICT COURT**

10               **DISTRICT OF NEVADA**

11  HEATHER HILLBOM, individually and on     Case No.: 2:24-cv-00664-JAD-EJY
    behalf of all others similarly situated,
12
                        Plaintiff,
13
          vs.                                **ORDER GRANTING PRELIMINARY**
14                                           **APPROVAL OF CLASS ACTION**
                                             **SETTLEMENT**
15  R1 RCM INC. and DIGNITY HEALTH d/b/a
    DIGNITY HEALTH - ST. ROSE DOMINICAN
16  HOSPITAL, ROSE DE LIMA CAMPUS,           ECF NO. 36

17                      Defendants.

18

19

20          Before the Court is Plaintiff Heather Hillbom's ("Plaintiff") Motion for Preliminary

21  Approval of Class Action Settlement (the "Motion"), the terms of which are set forth in a

22  Settlement Agreement between Plaintiff and Defendants R1 RCM Inc. ("R1") and Dignity Health

23  d/b/a Dignity Health – St. Rose Dominican Hospital, Rose De Lima Campus ("Dignity Health" and,

24  together with R1, "Defendants") (collectively, the "Parties").

25          Having fully considered the issue, **the Court hereby GRANTS [ECF No. 36]** the Motion

26  and ORDERS as follows:

27          1.      **Class Certification for Settlement Purposes Only**.  The Settlement Agreement

28  provides for a Settlement Class defined as follows:

---

                                          1

All individuals whose PII and/or PHI was potentially impacted in the Data Incident who were sent notice of the Data Incident by Defendants.[1] Specifically excluded from the Settlement Class are Defendants, the Released Parties, and their officers and directors; (ii) all Settlement Class Members who timely and validly request exclusion from the Settlement Class; (iii) any judges assigned to this case and their staff and family; and (iv) any other person found by a court of competent jurisdiction to be guilty under criminal law of initiating, causing, aiding or abetting the criminal activity occurrence of the Data Incident or who pleads *nolo contendere* to any such charge.

Pursuant to Federal Rules of Civil Procedure 23(e)(1), the Court finds that giving notice of the proposed Settlement is justified. The Court finds that it will likely be able to approve the proposed Settlement as fair, reasonable, and adequate. The Court also finds that it will likely be able to certify the Settlement Class for settlement purposes because it meets all of the requirements of Rule 23(a) and the requirements of Rule 23(b)(3). Specifically, the Court preliminarily finds for settlement purposes that: (a) the Settlement Class is so numerous that joinder of all Settlement Class Members would be impracticable; (b) there are issues of law and fact that are common to the Settlement Class; (c) the claims of the Class Representative are typical of and arise from the same operative facts and the Class Representatives seeks similar relief as the claims of the Settlement Class Members, and the Class Representative seeks similar forms of relief as the Settlement Class Members; (d) the Class Representative will fairly and adequately protect the interests of the Settlement Class, as the Class Representative has no interests antagonistic to or in conflict with the Settlement Class and has retained experienced and competent counsel to prosecute this Action on behalf of the Settlement Class; (e) questions of law or fact common to Settlement Class Members predominate over any questions affecting only individual Settlement Class Members; and (f) a class action and class settlement is superior to other methods available for a fair and efficient resolution of this Action.

---

[1] Capitalized terms and initialisms (e.g., "Data Incident" and "PII") in this Order are defined as stated in the Settlement Agreement.

[PROPOSED] ORDER GRANTING PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT

2.    **Class Representative and Class Counsel.** The Court finds that Plaintiff Heather Hillbom will likely satisfy the requirements of Rule 23(e)(2)(A) and should be appointed as the Class Representative. Additionally, the Court finds that Abbas Kazerounian, Mona Amini, and Gustavo Ponce of Kazerouni Law Group, APC will likely satisfy the requirements of Rule 23(e)(2)(A) and should be appointed as Class Counsel pursuant to Rule 23(g)(1).

3.    **Preliminary Approval of Settlement.**  Upon preliminary review, the Court finds the proposed Settlement is fair, reasonable, and adequate to warrant providing notice of the proposed Settlement to the Settlement Class and accordingly is preliminarily approved. In making this determination, the Court has considered the monetary and non-monetary benefits provided to the Settlement Class through the Settlement, the specific risks faced by the Settlement Class in prevailing on their claims, the good faith, arms' length negotiations between the Parties and absence of any collusion in the Settlement, the effectiveness of the proposed method for distributing relief to the Settlement Class, the proposed manner of allocating benefits to Settlement Class Members, the fact that the Settlement treats the Settlement Class Members equitably, and all of the other factors required by Rule 23 and relevant case law.

4.    **Jurisdiction**. The Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(d)(2) and personal jurisdiction over the Parties. Additionally, venue is proper in this District pursuant to 28 U.S.C. § 1391(b).

5.    **Final Approval Hearing**. A Final Approval Hearing shall be held on **November 14, 2025 at  10 a.m.** at the United States District Court, District of Nevada, at 333 Las Vegas Blvd South, Las Vegas, Nevada, 89101, where the Court will determine, among other things, whether: (a) this Action should be finally certified as a class action for settlement purposes pursuant to Fed. R. Civ. P. 23(a) and (b)(3); (b) the Settlement should be approved as fair, reasonable, and adequate, and finally approved pursuant to Fed. R. Civ. P. 23(e); (c) this Action should be dismissed with prejudice pursuant to the terms of the Settlement Agreement; (d) Settlement Class Members who have not timely and validly excluded themselves from the Settlement should be bound by the releases set forth in the Settlement Agreement; (e) the application of Class Counsel for a Fee Award and Costs should be approved

1  pursuant to Fed. R. Civ. P. 23(h); and (f) the application of the Class Representative for a Service

2  Award should be approved.

3       6.    **Settlement Administrator**. The Court appoints Simpluris, Inc. as the Settlement

4  Administrator, with responsibility for Class Notice and Settlement administration. The Settlement

5  Administrator is directed to perform all tasks the Settlement Agreement requires. The Settlement

6  Administrator's Administrative Expenses will be paid from the Settlement Fund pursuant to the

7  terms of the Settlement Agreement.

8       7.    **Notice**. The proposed Notice Program set forth in the Settlement Agreement and the

9  Long Form Notice, Postcard Notice, and Claim Form attached to the Settlement Agreement as

10  Exhibits A, B, and C are hereby approved. Non-material modifications to these Exhibits may be

11  made by the Settlement Administrator in consultation with and with the agreement of the Parties

12  without further order of the Court.

13       8.    **Findings Concerning Notice**. The Court finds that the proposed form, content, and

14  method of giving Notice to the Settlement Class as described in the Notice Program and the

15  Settlement Agreement and its Exhibits: (a) will constitute the best practicable notice to the

16  Settlement Class; (b) are reasonably calculated, under the circumstances, to apprise Settlement

17  Class Members of the pendency of the Action, the terms of the proposed Settlement, and their rights

18  under the proposed Settlement, including, but not limited to, their rights to object to or to exclude

19  themselves from the proposed Settlement and other rights under the terms of the Settlement

20  Agreement; (c) are reasonable and constitute due, adequate, and sufficient notice to all Settlement

21  Class Members and other persons entitled to receive notice; (d) meet all applicable requirements of

22  law, including Federal Rule of Civil Procedure 23(c); and (e) and meet the requirements of due

23  process. The Court further finds that the Notice provided for in the Settlement Agreement is written

24  in plain language, uses simple terminology, and is designed to be readily understandable by

25  Settlement Class Members. The Settlement Administrator is directed to carry out the Notice

26  Program in conformance with the Settlement Agreement.

27       9.    **Class Action Fairness Act (CAFA) Notice**. Within ten (10) days after the filing of

28  this Settlement Agreement with the Court, Defendants (or the Settlement Administrator acting on

1    their behalf) shall have served or caused to be served a notice of the proposed Settlement on

2    appropriate officials in accordance with the requirements under the Class Action Fairness Act

3    ("CAFA"), 28 U.S.C. § 1715(b).

4          10.    **Requests for Exclusion from Settlement Class**. Any Settlement Class Member

5    who wishes to be excluded from the Settlement Class must individually sign and timely submit

6    written notice of such intent in the manner provided in the Notice. To be valid, the Request for

7    Exclusion must be (i) submitted electronically on the Settlement Website or (ii) postmarked or

8    received by the Settlement Administrator on or before the Request for Exclusion Deadline. If a

9    Request for Exclusion to the Settlement Administrator is submitted by mail, such Request for

10   Exclusion must be in writing and must identify the case name, *Heather Hillbom v. R1 RCM, Inc.*

11   *and Dignity Health dba Dignity Health - St. Rose Dominican Hospital, Rosa de Lima Campus*, Case

12   No. 2:24-cv-00664-JAD-EJY (D. Nev.); state the name, address, and telephone number of the

13   Settlement Class Member seeking exclusion; be physically signed by the person seeking exclusion;

14   and contain a statement to the effect that "I hereby request to be excluded from the proposed

15   Settlement Class in *Heather Hillbom v. R1 RCM, Inc. and Dignity Health dba Dignity Health - St.*

16   *Rose Dominican Hospital, Rosa de Lima Campus*, Case No. 2:24-cv-00664-JAD-EJY (D. Nev.)."

17   Any person who elects to request exclusion from the Settlement Class shall not (i) be bound by any

18   orders or Judgment entered in the Action, (ii) be entitled to receive a Settlement Payment or any

19   Settlement Benefits under the Settlement Agreement, (iii) gain any rights by virtue of the Settlement

20   Agreement, or (iv) be entitled to object to any aspect of this Settlement Agreement. No person may

21   request to be excluded from the Settlement Class through "mass" or "class" opt-outs. If any

22   Settlement Class Member delivers both a timely and valid Claim Form to the Settlement

23   Administrator and a timely and valid Request for Exclusion, the Request for Exclusion will be

24   deemed to be invalid, and the Claim Form will be processed. If a Final Approval Order is entered,

25   all persons falling within the definition of the Settlement Class who do not request to be excluded

26   from the Settlement Class shall be bound by the terms of this Settlement Agreement and the Final

27   Approval Order. All Persons who submit valid and timely notices of their intent to be excluded

28   from the Settlement Class shall not receive any cash benefits of and/or be bound by the terms of the

[PROPOSED] ORDER GRANTING PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT

Settlement Agreement.

11. **Objections and Appearances**. A Settlement Class Member who does not submit a timely written Request for Exclusion and who desires to object to the Settlement Agreement may submit a timely written notice of his or her objection by the Objection Deadline and as stated in the Notice. Except as the Court may order otherwise, no objection to the Settlement shall be heard, and no papers, briefs, pleadings, or other documents submitted by any objector shall be received and considered by the Court, unless such objector mails to the Court, and delivers copies of the same by mail, hand, or overnight delivery service to both Class Counsel and Defendants' Counsel, a written objection with the caption *Heather Hillbom v. R1 RCM, Inc. and Dignity Health dba Dignity Health - St. Rose Dominican Hospital, Rosa de Lima Campus*, Case No. 2:24-cv-00664-JAD-EJY (D. Nev.), that includes: (i) the Settlement Class Member's full name, current mailing address, and telephone number; (ii) a signed statement that he or she believes himself or herself to be a Settlement Class Member and the basis of such belief (e.g., copy of Notice, copy of original notice of the Data Incident); (iii) the specific grounds for the objection; (iv) all documents or writings that the Settlement Class Member desires the Court to consider; (v) a statement regarding whether they (or counsel of their choosing) intend to appear at the Final Approval Hearing; and (vi) the objector's signature and the signature of the objector's duly authorized attorney or other duly authorized representative (along with documentation setting forth such representation). All written objections must be postmarked no later than the Objection Deadline. Any objector who fails to object in the manner prescribed herein shall be deemed to have waived his or her objections and forever be barred from making any such objections in the Action or in any other action or proceeding.

12. **Claims Process**. Class Counsel and Defendants have created a process for Settlement Class Members to claim benefits under the Settlement. The Court preliminarily approves this process and directs the Settlement Administrator to make the Claim Form or its substantial equivalent available to Settlement Class Members in the manner specified in the Notice. The Settlement Administrator will be responsible for effectuating the Claims process. Settlement Class Members who qualify for and wish to submit a Claim Form shall do so in accordance with the requirements and procedures specified in the Notice and the Claim Form. If the Final Approval

[PROPOSED] ORDER GRANTING PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT

Order is entered, all Settlement Class Members who qualify for any benefit under the Settlement but fail to submit a Claim in accordance with the requirements and procedures specified in the Notice and the Claim Form shall be forever barred from receiving any such benefit, but will in all other respects be subject to and bound by the provisions in the Final Approval Order and Judgment, including the releases contained therein.

13.    **Termination of Settlement**. This Preliminary Approval Order shall become null and void and shall be without prejudice to the rights of the Parties, all of whom shall be restored to their respective positions existing before the Court entered this Preliminary Approval Order and before they entered the Settlement Agreement, if: (a) the Court does not enter this Preliminary Approval Order; (b) Settlement is not finally approved by the Court or is terminated in accordance with the Settlement Agreement; or (c) there is no Effective Date. In such event, (i) the Parties shall be restored to their respective positions in the Action and shall jointly request that all scheduled deadlines in the Action be reasonably extended by the Court so as to avoid prejudice to any Party or Party's counsel; (ii) the terms and provisions of the Settlement Agreement shall have no further force and effect with respect to the Parties and shall not be used in the Action or in any other proceeding for any purpose, and (iii) any judgment or order entered by the Court in accordance with the terms of the Settlement Agreement shall be treated as vacated, *nunc pro tunc.*

14.    **Use of Order**. This Preliminary Approval Order shall be of no force or effect if the Final Approval Order is not entered or there is no Effective Date and shall not be construed or used as an admission, concession, or declaration by or against Defendants of any fault, wrongdoing, breach, or liability. Nor shall this Preliminary Approval Order be construed or used an admission, concession, or declaration by or against the Class Representatives or any other Settlement Class Member that his or her claims lack merit or that the relief requested is inappropriate, improper, unavailable, or as a waiver by any Party of any defense or claims they may have in this Action or in any other lawsuit.

15.    **Continuance of Hearing**. The Court reserves the right to adjourn or continue the Final Approval Hearing and related deadlines without further written notice to the Settlement Class. If the Court alters any of those dates or times, the revised dates and times shall be posted on the

[PROPOSED] ORDER GRANTING PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT

Settlement Website maintained by the Settlement Administrator. The Court may approve the Settlement, with such modifications as may be agreed upon by the Parties, if appropriate, without further notice to the Settlement Class.

16. **Stay of Litigation.** All proceedings in the Action, other than those related to approval of the Settlement Agreement, are hereby stayed. Further, any actions brought by Settlement Class Members concerning the Released Claims are hereby enjoined and stayed pending Final Approval of the Settlement Agreement.

17. **Schedule and Deadlines**. The Court orders the following schedule of dates for the specified actions/further proceedings:

| Event | Deadline |
|---|---|
| Defendants to provide Settlement Class List to Settlement Administrator | 3 business days after the Preliminary Approval Order |
| Defendants to serve, or cause to be served, CAFA Notice, per 28 U.S.C. § 1715(b) | 10 days after the Preliminary Approval Order |
| Settlement Administrator to begin disseminating Notice | 14 days after receipt of the Settlement Class List |
| Settlement Administrator to complete the issuance of Notice to Settlement Class Members | 30 days after the Preliminary Approval Order |
| Motion for Fee Award and Costs and Service Award to Be Filed by Class Counsel | At least 21 days prior to the Objection Deadline |
| Request for Exclusion and Objection Deadlines | 60 days after the Class Notice Date |
| Settlement Administrator to provides Parties with list of timely, valid Requests for Exclusion | 5 days after the Request for Exclusion Deadline |
| Claims Deadline | 90 days after Class Notice Date |
| Motion for Final Approval to be filed by Class Counsel | At least 14 days prior to Final Approval Hearing |
| Final Approval Hearing | November 14, 2025, at 10:00 a.m. |

**DONE AND ORDERED** on this 14th day of July, 2025.

_____
UNITED STATES DISTRICT COURT JUDGE