Abbas Kazerounian, Esq.
(*admitted pro hac vice*)
Mona Amini, Esq.
Nevada Bar No. 15381
Gustavo Ponce, Esq.
Nevada Bar No. 15084
**KAZEROUNI LAW GROUP, APC**
6940 S. Cimarron Road, Suite 210
Las Vegas, Nevada 89113
Telephone: (800) 400-6808
Facsimile:  (800) 520-5523
mona@kazlg.com
gustavo@kazlg.com

*Attorneys for Plaintiff
and the Settlement Class*

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| HEATHER HILLBOM, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>R1 RCM INC. and DIGNITY HEALTH d/b/a DIGNITY HEALTH - ST. ROSE DOMINICAN HOSPITAL, ROSE DE LIMA CAMPUS,<br><br>Defendants. | Case No.: 2:24-cv-00664-JAD-EJY<br><br>**ORDER GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND AWARD OF ATTORNEYS' FEES, COSTS, AND SERVICE AWARD and CLOSING CASE** |

Before the Court is Plaintiff Heather Hillbom's ("Plaintiff" or "Class Representative") Motion for Final Approval of Class Action Settlement (the "Final Approval Motion") and Motion for Class Counsel's Fee Award and Costs, and Service Award to the Class Representative. Having reviewed and considered the Settlement Agreement, motion papers, and having conducted a Final Approval Hearing, the Court makes the findings and grants the relief set forth below approving the Settlement upon the terms and conditions set forth in this Order.

WHEREAS, on July 14, 2025, the Court entered an Order Granting Preliminary Approval of Class Action Settlement ("Preliminary Approval Order") (Dkt. No. 39) which, among other things:

1

1  (a) conditionally certified this matter as a class action, including defining the class and class claims,
2  (b) appointed Plaintiff as the Class Representative and Abbas Kazerounian, Mona Amini, and
3  Gustavo Ponce of Kazerouni Law Group, APC as Class Counsel, (c) preliminarily approved the
4  Settlement Agreement; (d) approved the form and manner of Notice to the Settlement Class; (d) set
5  deadlines for requests for exclusion and objections; (e) approved and appointed Simpluris, Inc. as the
6  Settlement Administrator; and (f) set the date for the Final Approval Hearing;
7         WHEREAS, on July 31, 2025, pursuant to the Notice requirements set forth in the Settlement
8  Agreement and in the Preliminary Approval Order, the Settlement Class was notified of the terms of
9  the proposed Settlement Agreement, of the right of Settlement Class Members to submit a Claim, to
10 request exclusion from or object to the Settlement Agreement, and to be heard at a Final Approval
11 Hearing;
12        WHEREAS, on November 14, 2025, the Court held a Final Approval Hearing to determine,
13 inter alia: (1) whether the terms and conditions of the Settlement Agreement are fair, reasonable, and
14 adequate for the release of the claims contemplated by the Settlement Agreement; and (2) whether
15 judgment should be entered dismissing this action with prejudice. Therefore, the Court is satisfied
16 that Settlement Class Members were properly notified of their right to appear at the Final Approval
17 Hearing in support of or in opposition to the proposed Settlement Agreement, the Fee Award and
18 Costs to Class Counsel, and the payment of a Service Award to the Class Representative;
19        WHEREAS, the Court not being required to conduct a trial on the merits of the case or
20 determine with certainty the factual and legal issues in dispute when determining whether to approve
21 a proposed class action settlement;
22        WHEREAS, the Court being required under Federal Rule of Civil Procedure 23(e) to make
23 the findings and conclusions hereinafter set forth for the limited purpose of determining whether the
24 settlement should be approved as being fair, reasonable, adequate and in the best interests of the
25 Settlement Class; and
26        WHEREAS, having given an opportunity to be heard to all requesting persons in accordance
27 with the Preliminary Approval Order, having heard the presentation of Class Counsel and Defendants'
28 Counsel, having reviewed all of the submissions presented with respect to the proposed Settlement

Agreement, having determined that the Settlement Agreement is fair, reasonable, and adequate, having considered the application made by Settlement Class Counsel for Fee Award and Costs, and the application for a Service Award to the Class Representative Plaintiff, and having reviewed the materials in support thereof, and good cause appearing therefor,

IT IS ORDERED that:

1. The Court has jurisdiction over the subject matter of this Action and over all claims raised therein and all Parties thereto, including the Settlement Class.

2. The Settlement involves allegations in Plaintiff's Class Action Complaint against Defendants for failure to implement or maintain adequate data security measures and safeguards to protect PII and PHI, which Plaintiff alleges directly and proximately caused injuries to Plaintiff and Settlement Class Members.

3. The Settlement does not constitute an admission of liability by Defendants, and the Court expressly does not make any finding of liability or wrongdoing by Defendants.

4. In this Order Granting Final Approval of Class Action Settlement ("Final Approval Order"), unless otherwise indicated, initialisms (e.g., PII) and words or phrases spelled with initial capital letters have the same meaning as set forth in the Settlement Agreement.

5. The Court, having reviewed the terms of the Settlement Agreement submitted by the Parties pursuant to Federal Rule of Civil Procedure 23(e)(2), grants final approval of the Settlement Agreement and, for purposes of the Settlement Agreement and this Final Approval Order only, hereby finally certifies the following Settlement Class:

**All individuals whose PII and/or PHI was potentially impacted in the Data Incident who were sent notice of the Data Incident by Defendants.**

Specifically excluded from the Settlement Class are Defendants, the Released Parties, and their officers and directors; (ii) all Settlement Class Members who timely and validly request exclusion from the Settlement Class; (iii) any judges assigned to this case and their staff and family; and (iv) any other person found by a court of competent jurisdiction to be guilty under criminal law of initiating, causing, aiding or abetting the criminal activity occurrence of the Data Incident or who pleads *nolo contendere* to any such charge.

6. The Settlement was entered into in good faith following arm's length negotiations and is non-collusive. The Settlement is in the best interests of the Settlement Class and is therefore approved. The Court finds that the Parties faced significant risks, expenses, delays, and uncertainties, including as to the outcome, including on appeal, of continued litigation of this complex matter, which further supports the Court's finding that the Settlement Agreement is fair, reasonable, adequate, and in the best interests of the Settlement Class Members. The Court finds that the uncertainties of continued litigation in both the trial and appellate courts, as well as the expense associated with it, weigh in favor of approval of the settlement reflected in the Settlement Agreement.

7. The Settlement Agreement provides, in part, and subject to a more detailed description of the settlement terms in the Settlement Agreement, for:

   a. Settlement Administration as outlined in the Settlement Agreement, whereby Settlement Class Members can submit claims that will be evaluated by a Settlement Administrator.

   b. All costs of Settlement Administration to be paid from the Settlement Fund, including the cost of the Settlement Administrator, instituting Notice, processing and administering claims, and preparing and mailing checks.

   c. Subject to the approval and award of the Court, a Fee Award and Costs to Class Counsel and a Service Award to the Class Representative to be paid from the Settlement Fund.

8. The Court readopts and incorporates herein by reference its preliminary conclusions as to the satisfaction of Federal Rule of Civil Procedure 23(a) and (b)(3) set forth in the Preliminary Approval Order and notes that because this certification of the Settlement Class is in connection with the Settlement Agreement rather than litigation, the Court need not address any issues of manageability that may be presented by certification of the class proposed in the Settlement Agreement.

9. The terms of the Settlement Agreement are fair, adequate, and reasonable and are hereby approved, adopted, and incorporated by the Court. Notice of the terms of the Settlement, the rights of Settlement Class Members under the Settlement, the Final Approval Hearing, Class

1  Counsel's application for Fee Award and Costs, and the Service Award payment to the Class
2  Representative have been provided to Settlement Class Members as directed by this Court's orders,
3  and proof of Notice has been filed with the Court.

4      10.    The Court finds that the Notice Program, set forth in the Settlement Agreement and
5  effectuated pursuant to the Preliminary Approval Order, provided the best notice practicable under
6  the circumstances, was reasonably calculated to provide and did provide due and sufficient notice to
7  the Settlement Class of the pendency of the Action, certification of the Settlement Class for settlement
8  purposes only, the existence and terms of the Settlement Agreement, and their right to object and to
9  appear at the Final Approval Hearing or to exclude themselves from the Settlement Agreement, and
10 satisfied the requirements of the Federal Rules of Civil Procedure, the United States Constitution, and
11 other applicable law.

12     11.    The Court finds that Defendants have fully complied with the notice requirements of
13 the Class Action Fairness Act of 2005, 28 U.S.C. § 1715.

14     12.    As of the Request for Exclusion Deadline, one Settlement Class Member has requested
15 to be excluded from the Settlement. The individual identified in Exhibit A attached hereto and
16 incorporated by this reference, who has submitted timely and valid Request for Exclusion, is not
17 releasing any claims, and is not bound by the terms of the Settlement Agreement or this Final
18 Approval Order. The individual identified in Exhibit A will not share in the benefits of the Settlement,
19 and this Order does not affect their legal rights to pursue any claims they may have against Defendants
20 or the Released Parties.

21     13.    All Settlement Class Members who have not objected to the Settlement Agreement in
22 the manner provided in the Settlement Agreement are deemed to have waived any objections by
23 appeal, collateral attack, or otherwise.

24     14.    The Court has considered all the documents filed in support of the Settlement
25 and has fully considered any matters raised, any exhibits and affidavits filed, the arguments of
26 counsel at the Final Approval Hearing, and any other papers and documents comprising the
27 record herein.
28

15. The Parties, their respective attorneys, and the Settlement Administrator are hereby directed to implement the Settlement in accordance with this Final Approval Order and the terms of the Settlement Agreement.

16. Pursuant to and as further described in the Settlement Agreement, upon final approval of this Settlement Agreement, the Releasing Parties release all the Released Claims, including Unknown Claims, against the Released Parties.

17. The Court grants final approval to the appointment of Plaintiff as Class Representative. The Court concludes that the Class Representative has fairly and adequately represented the Settlement Class and will continue to do so.

18. Pursuant to the Settlement Agreement, and in recognition of her efforts on behalf of the Settlement Class, the Court approves a payment of a Service Award in the amount of $2,500 to the Class Representative. Such Service Award payment will be made from the Settlement Fund in accordance with the terms of the Settlement Agreement.

19. The Court grants final approval to the appointment of Abbas Kazerounian, Mona Amini, and Gustavo Ponce of Kazerouni Law Group, APC as Class Counsel. The Court concludes that Class Counsel has adequately represented the Settlement Class and will continue to do so.

20. The Court, after careful review of the fee petition filed by Class Counsel, and after applying the appropriate standards required by relevant case law, hereby grants Class Counsel's Fee Award and Costs, awarding Class Counsel reasonable attorneys' fees in the amount of $225,000.00 and $11,674.14 in costs and expenses of litigation. Payment of the Fee Award and Costs shall be made from the Settlement Fund pursuant to the terms of the Settlement Agreement.

21. This Final Approval Order and the Settlement Agreement, and all acts, statements, documents, or proceedings relating to the Settlement Agreement are not, and shall not be construed as, used as, or deemed to be evidence of, an admission by or against Defendants of any claim, any fact alleged in the Action, any fault, any wrongdoing, any violation of law, or any liability of any kind on the part of Defendants or of the validity or certifiability for litigation of any claims that have been, or could have been, asserted in the lawsuit. This Final Approval Order, the Settlement Agreement, and all acts, statements, documents, or proceedings relating to the Settlement Agreement shall not be

offered or received or be admissible in evidence in any action or proceeding, or be used in any way as an admission or concession or evidence of any liability or wrongdoing of any nature or that Plaintiff, any Settlement Class Member, or any other person has suffered any damage; provided, however, that the Settlement Agreement and this Final Approval Order may be filed in any action by Defendants, Class Counsel, or Settlement Class Members seeking to enforce the Settlement Agreement or the Final Approval Order (including, but not limited to, enforcing the releases contained herein). The Settlement Agreement and Final Approval Order shall not be construed or admissible as an admission by Defendants that Plaintiff's claims or any similar claims are suitable for class treatment. The Settlement Agreement's terms shall be forever binding on, and shall have res judicata and preclusive effect in, all pending and future lawsuits or other proceedings as to Released Claims, Released Parties, and other prohibitions set forth in this Final Approval Order that are maintained by, or on behalf of, any Settlement Class Member or any other person subject to the provisions of this Final Approval Order.

22.    If the Effective Date, as defined in the Settlement Agreement, does not occur for any reason, this Final Approval Order and the Preliminary Approval Order shall be deemed vacated, and shall have no force and effect whatsoever; the Settlement Agreement shall be considered null and void; all of the Parties' obligations under the Settlement Agreement, the Preliminary Approval Order, this Final Approval Order, and the terms and provisions of the Settlement Agreement shall have no further force and effect with respect to the Parties and shall not be used in the Action or in any other proceeding for any purpose, and any judgment or order entered by the Court in accordance with the terms of the Settlement Agreement shall be treated as vacated *nunc pro tunc*, and the Parties shall be restored to their respective positions in the Action, as if the Parties never entered into the Settlement Agreement (without prejudice to any of the Parties' respective positions on the issue of class certification or any other issue). In such event, the Parties will jointly request that all scheduled deadlines in the Action be reasonably extended by the Court so as to avoid prejudice to any Party or Party's counsel. Further, in such event, Defendants will pay Administrative Expenses already billed or incurred, and will not, at any time, seek recovery of same from any other Party to the Action or from counsel to any other Party to the Action.

23.     Pursuant to *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 382, 114 S. Ct. 1673, 1677, 128 L. Ed. 2d 391 (1994) and the Settlement Agreement, this Court shall retain the authority to issue any order necessary to protect its jurisdiction from any action, whether in state or federal court.

24.     Without affecting the finality of this Order, the Court will retain jurisdiction over the subject matter and the Parties with respect to the interpretation and implementation of the Settlement Agreement for all purposes.

25.     This Order resolves all claims against all Parties in this Action and is a final order. The Action is hereby dismissed with prejudice and without costs except as otherwise provided in this Final Approval Order and the Settlement Agreement. **The Clerk of Court is directed to CLOSE THIS CASE.**

**SO ORDERED** on this 14th day of November, 2025.

_____
HON. JENNIFER A. DORSEY
UNITED STATES DISTRICT COURT JUDGE

# EXHIBIT A

The individual listed below is excluded from the Settlement pursuant to the Settlement Class Member's valid and timely Request for Exclusion:

1. LORA D. SILVER